**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 04-5081**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

MARLIN ANDREW MARRS,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Bluefield.  David A. Faber, Chief District Judge.  (CR-03-289)

———————

Submitted:  June 8, 2005          Decided:  June 27, 2005

———————

Before WILKINSON, LUTTIG, and MOTZ, Circuit Judges.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

Jonathan David Byrne, Michael L. Desautels, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Charleston, West Virginia, for Appellant.  John Lanier File, OFFICE OF THE UNITED STATES ATTORNEY, Beckley, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Marlin Andrew Marrs pled guilty to knowingly and intentionally distributing "a quantity" of cocaine base on March 6, 2002, in violation of 21 U.S.C. § 841(a)(1) (2000). He was sentenced to forty-six months of imprisonment. At the sentencing hearing, Marrs objected to the district court's consideration of certain relevant conduct in determining his sentence, arguing that the holding in Blakely v. Washington, 124 S. Ct. 2531 (2004), applied to the federal sentencing guidelines. The district court overruled his objection, relying on United States v. Hammoud, 378 F.3d 426 (4th Cir.) (order), opinion issued by 381 F.3d 316 (4th Cir. 2004) (en banc), vacated, 125 S. Ct. 1051 (2005). Marrs noted an appeal. The parties have now filed a joint motion to remand the case for resentencing, citing United States v. Booker, 125 S. Ct. 738 (2005), and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005).

In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentence enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750 (Stevens, J., opinion of the Court). After Booker, courts must calculate the appropriate guideline range, consider the range in conjunction with other relevant factors under the guidelines and 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005),

- 2 -

and impose a sentence.  If a court imposes a sentence outside the guideline range, the court must state its reasons for doing so. Hughes, 401 F.3d at 546.  This remedial scheme applies to any sentence imposed under the mandatory guidelines, regardless of whether the sentence violates the Sixth Amendment.  Id. at 547 (citing Booker, 125 S. Ct. at 769 (Breyer, J., opinion of the Court)).

We conclude that Marrs preserved the issue of whether his sentence was imposed in violation of the Sixth Amendment.  We further hold that the sentence did constitute such a violation, and therefore, grant the parties' joint motion to remand, vacate the sentence, and remand for resentencing consistent with Booker.[*] Following resentencing, the appeal shall be returned to this court for further proceedings.

VACATED AND REMANDED

---

[*]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Marrs's sentencing.